**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-4983**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

KEVIN TEAGUE,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Richard L. Voorhees,
District Judge.  (CR-01-152)

———————

Submitted:  June 20, 2003            Decided:  July 18, 2003

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Brian
Steven Cromwell, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kevin Teague appeals his 18 U.S.C. § 924(c) (2000) conviction and sentence. Teague asserts the submission to the jury of the factual predicate questions underlying his 18 U.S.C. § 924(c) enhancement for brandishing or discharging a firearm violated the Supreme Court's decision in Harris v. United States, 536 U.S. 545, 559-66 (2002). We review this claim de novo. United States v. Mackins, 315 F.3d 399, 406 (4th Cir. 2003).

Teague's claim is meritless. While Harris holds that a district court judge is authorized to make factual findings that trigger the imposition of 18 U.S.C. § 924(c)'s mandatory minimums under a preponderance standard, it does not follow that a defendant's rights are violated where, as here, a jury determines the facts underlying the enhancement have been proven beyond a reasonable doubt, as the court's sentencing power merely flows from the authorization granted by the jury. Harris, 536 U.S. at 559-66. Moreover, even if Teague could demonstrate error, the error would be harmless. Fed. R. Crim. P. 52(a); Mackins, 315 F.3d at 405.

Accordingly, we affirm Teague's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2